# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-0978V
UNPUBLISHED

| | |
|---|---|
| LIZA ORBAN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 19, 2024<br><br>Special Processing Unit (SPU);<br>Petitioner's Motion for a Decision<br>Dismissing Petition; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Michael Arvin Firestone*, Marvin Firestone, MD, JD, and Associates, San Mateo, CA, for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On February 22, 2021, Liza Orban filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as defined by the Vaccine Injury Table, resulting from an influenza ("flu") vaccine received on November 30, 2019. Petition at 1. Alternatively, Petitioner asserts that her shoulder injury was caused in fact by the flu vaccine. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 28, 2024, I ruled that the evidence supported a finding that the onset of Petitioner's shoulder pain occurred at least 51 days after vaccination, far beyond the 48 hour timeline for a Table SIRVA claim, and thus dismissed her Table claim. Fact Ruling and Order to Show Cause, issued May 28, 2024 (ECF No. 39) ("Ruling and Show Cause Order"). I also stated that it did not appear that Petitioner could prevail on a causation in fact claim on the current record, and directed Petitioner to show cause why that claim should not be dismissed. *Id.*

Petitioner filed a statement responding to the Ruling and Show Cause Order. Petitioner's Statement, filed Aug. 16, 2024 (ECF No. 41). Petitioner states that she has been "unable to obtain additional evidence to overcome" my onset Ruling, and could not "offer additional evidence demonstrating that the onset of her injury occurred within a time that could satisfy the *Althen* standard." Petitioner's Statement at *1. She also has found no decisions that would support a SIRVA onset of pain more than 51 days after vaccination, and thus offers no other argument. *Id.* Under these circumstances, Petitioner states that "to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." *Id.* at 2. She adds that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all of her rights in the Vaccine Program." *Id.*

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). A petitioner must also demonstrate that the injury satisfies the statutory severity requirement. *Id.* at § 11(c)(1)(D). Examination of the record does not disclose that Petitioner is able to satisfy these requirements.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate entitlement to compensation. For these reasons, and in accordance with § 12(d)(3)(A), **Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master